UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Craig L. C., | Case No. 2:23-cv-01403-DJA |
| Plaintiff, | |
| v. | Order |
| Martin O'Malley,[1] Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Craig L. C.'s brief moving for reversal and remand for further proceedings (ECF No. 8) and the Commissioner's cross-motion to affirm (ECF No. 10). Plaintiff filed a reply. (ECF No. 12). Because the Court finds that the administrative law judge's ("ALJ") residual functional capacity ("RFC") is supported by substantial evidence, the Court denies Plaintiff's motion to remand (ECF No. 8) and grants the Commissioner's cross-motion to affirm (ECF No. 10). The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

### I.   Procedural history.

Plaintiff filed an application for disability and disability insurance benefits on August 20, 2020, alleging disability commencing April 29, 2018. (ECF No. 8 at 3). The Commissioner denied the claim by initial determination on March 4, 2021. (*Id.*). Plaintiff requested reconsideration of the initial determination on April 15, 2021, which request the Commissioner denied on September 22, 2021. (*Id.*). Plaintiff requested a de novo hearing before an ALJ on November 2, 2021. (*Id.*). The ALJ issued a decision denying Plaintiff benefits on July 22, 2022.

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

(*Id.*).  The Appeals Council denied Plaintiff's request for review on August 1, 2023, making the ALJ's decision the final decision of the commissioner.  (*Id.*).

**II.   The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 416.1520(a).  (AR 179).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 29, 2018.  (AR 181).  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and atrial fibrillation.  (AR 181-183).  At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 183-184).  In making this finding, the ALJ considered Listings 1.15, 1.16, 2.04, and 4.05.  (AR 183-184).

At step four, the ALJ found that Plaintiff,

> has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except foot controls frequently; lift and carry 50 pounds occasionally and 25 pounds frequently; sitting for six, standing and walking for six each, frequent ramps and stairs, occasional ladders, ropes, and scaffolds, frequent stooping, kneeling, crouching, and crawling; occasional unprotected heights; frequent exposure to moving mechanical parts as well as motor vehicle operation.  Frequent exposure to humidity and wetness, frequently concentrated exposure to dust, odors, fumes, and pulmonary irritants, occasional exposure to extreme heat and extreme cold, frequent exposure to vibration.

(AR 184).

At step five, the ALJ found that Plaintiff is capable of performing past relevant work as a Sales Agent Real Estate.  (AR 193).  Accordingly, the ALJ found that Plaintiff had not been disabled since April 29, 2018 through the date of decision.  (AR 197).

**STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g).  *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may

obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISABILITY EVALUATION PROCESS**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

Th ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If

the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward

with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## ANALYSIS AND FINDINGS.

**I. Whether the ALJ's RFC is supported by substantial evidence.**

  ***A.    The parties' arguments.***

Plaintiff argues that the ALJ's RFC—which limits Plaintiff to medium work—is not supported by substantial evidence because it is not supported by any medical opinion. (ECF No. 8 at 4-11). Plaintiff highlights five opinions. (*Id.*). He points out that Drs. Khalid A. Kamal, Gupreet Chahal, and B. Vaghaiwalla all opined that Plaintiff would be limited to light work. (*Id.* at 5-6). But instead, the ALJ relied on the opinions of Karen Crawford, PT, MS and Dr. Ronald Kong. (*Id.* at 6-8). Ms. Crawford opined that Plaintiff could work at the medium exertional level, which opinion the ALJ found somewhat persuasive. (*Id.*). Plaintiff argues that it was error for the ALJ to rely on Ms. Crawford's RFC opinion and that her opinion was wrongfully based on Plaintiff's ability to lift certain weights on a one-time basis, instead of on the full-time basis that work requires. (*Id.*). Plaintiff asserts that Ms. Crawford's findings about how much weight Plaintiff could lift actually correlates with a light, not a medium, level of work. (*Id.*). Dr. Kong opined that Plaintiff could return back to full duty with no restrictions, which opinion the ALJ found less persuasive. (*Id.* at 7-8). Plaintiff points out that Dr. Kong's opinion is far less restrictive than any other opinion in the record and is based only on Plaintiff's lumbar spine condition, not on his cardiac impairment. (*Id.*). So, Plaintiff argues, Dr. Kong's opinion could only have had a limited value in the ALJ's construction of the RFC. (*Id.*). Plaintiff claims that, because it appears that no doctor's opinion supports the RFC, the ALJ must have improperly analyzed the raw medical data to come to her conclusion. (*Id.* at 8-9). And, to the extent that this is how the ALJ came up with the RFC, Plaintiff asserts that the ALJ misconstrued the evidence, which does not support a medium work finding. (*Id.* at 9-10).

The Commissioner responds that the ALJ's RFC is supported by substantial evidence because it is consistent with, and even more restrictive, than the opinions of Ms. Crawford and

Dr. Kong, which the ALJ found partially persuasive. (ECF No. 10 at 5). The Commissioner points out that the ALJ properly found that Ms. Crawford's opinion was supported by her examination and generally consistent with the record as a whole, which documented full range of motion, largely normal strength, no muscle atrophy, normal gait, denials of back pain and musculoskeletal symptoms, and other unremarkable findings. (*Id.* at 6). But the ALJ ultimately opined a more restrictive RFC because of Plaintiff's degenerative disc disease and heart impairment. (*Id.*). The Commissioner argues that it was not improper for the ALJ to consider Ms. Crawford's medium-level-work-RFC opinion and that the lifting capabilities she witnessed Plaintiff display on examination fall squarely within the range of medium work lifting requirements. (*Id.* at 7). The Commissioner argues that the ALJ properly found Dr. Kong's opinion less persuasive because it was not supported like Ms. Crawford's and because it was inconsistent with Plaintiff's heart condition. (*Id.*). Regarding Drs. Kamal, Chahal, and Vaghaiwalla, the Commissioner asserts that the ALJ properly found their opinions not persuasive and provided sufficient justification for this finding. (*Id.* at 8). The Commissioner responds to Plaintiff's argument that the RFC is not based on any medical opinions—and thus the ALJ must have relied on raw medical data—by pointing out that the RFC need not exactly match the findings of any particular medical source. (*Id.*). And the ALJ's discussion of the evidence included discussion of evidence that squared with the ALJ's RFC of medium work, not light work. (*Id.* at 8-9). The Commissioner concludes that, even if the ALJ did err by not finding an RFC of light work, that error would be harmless because the vocational expert testified that Plaintiff could perform his past relevant work as a real estate sales agent, which qualifies as light work. (*Id.* at 9-10).

Plaintiff replies that, although the Commissioner argues that the ALJ is responsible for translating and incorporating the record into a succinct RFC, that does not give the ALJ the ability to translate raw medical evidence into an RFC. (ECF No. 12 at 3). Plaintiff argues that the Commissioner ignored his argument that Ms. Crawford based her opinions only on Plaintiff's lumbar spine conditions, and so the ALJ did not base her RFC on all of the impairments. (*Id.* at 4). Plaintiff also argues that the Commissioner provides post-hoc arguments about the weights

that Ms. Crawford found Plaintiff could lift and that the fact remains that Ms. Crawford found Plaintiff capable of lifting certain weights at a range consistent with light, not medium, work. (*Id.* at 4-5). Ultimately, Ms. Crawford's testing does not show that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently, as the RFC states. (*Id.*). Regarding Dr. Kong's opinion, Plaintiff again points out that it stands alone and so, the ALJ lacked the expertise to conclude that a mixture of Dr. Kong's opinions combined with the presence of a heart impairment would limit Plaintiff to medium exertion, but nothing more. (*Id.*). Plaintiff reiterates that the ALJ must have relied on raw medical evidence to come up with the RFC, and made a broad leap in doing so by opining that Plaintiff could perform medium work. (*Id.* at 5-6). Plaintiff concludes that the Commissioner's argument that any error is harmless speculates that the ALJ would have limited Plaintiff to light work had the ALJ properly evaluated the medical opinions. (*Id*. at 6). Instead, Plaintiff asserts that it is plausible that the ALJ could have limited Plaintiff to sedentary work or less and found that Plaintiff is precluded from performing past relevant work. (*Id.* at 6-7).

### B.     Analysis.

The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Miller v. Kijakazi*, No. 2:22-CV-00355-EJY, 2023 WL 1525429, at *6–7 (D. Nev. Feb. 3, 2023).

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is

responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017), and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); *see also* POMS § DI 24510.001(A)(1) ("The RFC assessment [] is based primarily on medical evidence"). Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. *See Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *2-3 (D. Nev. Mar. 9, 2023) (compiling cases).

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Even under the new regulations, the ALJ is obligated to consider the opinions from each medical source and cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32

F.4th 785, 792 (9th Cir. 2022); *see Kramer v. Kijakazi*, No. 20-cv-2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

An RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478. To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

Here, the Court finds that the ALJ's RFC is supported by substantial evidence. The ALJ properly used the medical opinion evidence to make the RFC and did not rely on her own judgment in determining it. Plaintiff correctly points out that Ms. Crawford's opinion—the opinion that the ALJ found somewhat persuasive—does not square exactly with the medium range of work that the ALJ assessed. Indeed, Ms. Crawford's opinions about the amount of weight Plaintiff can lift with his arms[2] falls somewhere between the definitions of light and

---

[2] Plaintiff also argues that Ms. Crawford's opinions regarding the weight that Plaintiff could lift with his legs correlate "with a severe erosion, if not complete elimination, of the ability to perform medium exertion." (ECF No. 8 at 6-7). But the exertional definitions and case law to which Plaintiff refers do not reference leg lifting. *See* (ECF No. 8 at 6-7) (citing SSR 83-10 and *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995)).

medium work.[3]  And the ALJ determined an RFC that is squarely medium work.[4]  But the ALJ found Ms. Crawford's opinion only *partially* persuasive, otherwise relying on the opinion of Dr. Kong.  And regarding Plaintiff's argument that Ms. Crawford did not consider how Plaintiff would fare in lifting different weights over an eight hour day, Plaintiff ignores that Ms. Crawford considered Plaintiff's lifting capabilities over various frequencies (maximum, occasional, frequent, and constant).  (AR 983).

Other than Ms. Crawford's opinion, the ALJ also relied in part on the opinion of Dr. Kong—who opined that Plaintiff could return to full duty—and rejected the opinions of state medical consultants who opined that Plaintiff was limited to light work.  In analyzing the persuasiveness of Dr. Kong's opinion, the ALJ properly considered that Dr. Kong's opinion was not entirely supported and was not consistent with the functional capacity evaluation performed by Ms. Crawford because Ms. Crawford opined additional environmental restrictions.  (AR 191).  But Dr. Kong's opinion that Plaintiff could return to full duty does not—as Plaintiff argues—stand in isolation.  Instead, it is partially consistent with Ms. Crawford's medium-work determination.  As Dr. Kong opined "[t]he result [of the functional capacity evaluation] is valid, placing him in the medium work category.  Based on the results he can return back to his preinjury position." (AR 1034).  And the ALJ acknowledged that the inconsistencies between Dr. Kong and Ms. Crawford's opinions were the postural limitations that Ms. Crawford opined.  (AR 191).  Additionally, the fact that Dr. Kong's opinion was based solely on Plaintiff's lumbar spine condition does not undermine the value of his opinion.  Indeed, the ALJ recognized this, and thus created specific accommodations for Plaintiff's heart condition.  (AR 191).  So, Plaintiff's

---

[3] Ms. Crawford opined that the maximum lifting Plaintiff could do with his arm is 42 pounds, he could occasionally lift 26 pounds, frequently lift 13 pounds, and constantly lift 5 pounds.  (AR 983).  "The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  SSR 83-10.  "The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  *Id.*

[4] "[T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except…[he can] lift and carry 50 pounds occasionally and 25 pounds frequently…"  (AR 184).

citation to SSR 96-8p for the proposition that the RFC must be based on all impairments is inapposite.

Additionally, as the Commissioner points out, even if the ALJ did err in assessing Plaintiff's RFC at the medium level, rather than the light level, that error would be harmless because the ALJ determined that Plaintiff was capable of performing his past relevant work as a real estate agent, which is light work. (AR 193). While Plaintiff asserts that the ALJ might have assessed Plaintiff to have an even lower work capacity than light had the ALJ properly analyzed the record, Plaintiff provides no basis for this conclusion. Indeed, each of the medical sources to opine on Plaintiff's work level opined that Plaintiff could perform light work or higher, not lower. (AR 266, 288, 1106-1107).

Because the Court finds that the ALJ's RFC was supported by the medical opinions of Ms. Crawford and Dr. Kong, the Court finds that the ALJ did not interpret raw medical data to come up with the RFC. Accordingly, the Court does not reach the question of whether the ALJ improperly interpreted that raw medical data. Nor does the Court reach the question of whether that interpretation was consistent with the record. The Court finds that the ALJ properly relied on the opinions of Ms. Crawford and Dr. Kong in creating the RFC and denies Plaintiff's motion for remand on these grounds.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 8) is **denied.**

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 10) is **granted**. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: July 30, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE